## McGINIS ET AL. *v.* PEOPLE OF THE STATE OF CALIFORNIA.

### ERROR TO THE SUPERIOR COURT OF IMPERIAL COUNTY, STATE OF CALIFORNIA.

No. 134. Argued April 26, 1918.—Decided May 20, 1918.

In a prosecution for having cocaine in possession in violation of a state law, it is a defense that the drug was in transit through the State to an adjacent foreign country; and defendants are entitled to prove such fact in the state court and therein to explain their relations to the shipment at the international boundary where they are charged with having taken the unlawful possession. *McGinis v. California, ante,* 91.

Error in excluding such evidence *held,* in the circumstances of this case, not to have been made harmless by proof that more of the drug was added at the international boundary, where the whole prosecution was based upon the original shipment and such proof involved only one of the defendants, and cross-examination upon it was not allowed, and the source of the added drug was not shown.

Reversed.

THE case is stated in the opinion.

*Mr. William Sea, Jr.,* with whom *Mr. Frederick S. Tyler* was on the brief, for plaintiffs in error.

*Mr. James M. Oliver,* with whom *Mr. Thomas E. Haven* was on the brief, for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

This case was submitted with No. 133, *ante*, 91.

As in the latter case plaintiffs in error, whom we shall call defendants, were charged in a justice's court of Imperial County with having cocaine in their possession in a quantity forbidden by the statute of the State regulating the sale and use of poisons. After trial and verdict of guilty, there was judgment exactly the same as in No. 133, which judgment, after motion for new trial made and denied, and upon appeal to the Superior Court of the county, was modified, and as modified affirmed as in that case.

The drug was shipped from St. Louis in the same box as the opium in case No. 133. The testimony in this case, however, as to its being in transit to Mexico is somewhat fuller. In addition to the exclusion of such testimony the defendants were prevented from showing permission from the Treasury Department to export a quantity of cocaine to Mexico. Such permission and the purpose of weighing the contents of the box were decided to be immaterial, possession alone being determinative of guilt.

We think the rulings were error. But it is said that the error was without detriment to defendants; that the testimony showed that there were only 100 ounces of cocaine in the original package from St. Louis and that 85 ounces were added in the repacking. However, it is not shown from whence it came, and the trial of the case and the submission of it were based on the shipment from St. Louis. The judgment of the Superior Court was rendered in both actions and made no distinction between them. And, besides, McGinis was not shown to have had any connection with the 85 ounces, and we may remark that cross-examination as to the fact was, on the objection of the

prosecution, prevented. We think, therefore, the error in excluding the testimony cannot be said to have been without detriment to defendants.

The court was asked to instruct the jury as in No. 133 and refused. It gave, however, a number of instructions requested by the prosecution, some abstract, as to the extent of the police power of the State, and others directed to the effect of possession of the drug, if found by the jury, and its determination of defendants' guilt. We do not consider it necessary to comment upon them further than to say that they give emphasis to the rulings upon the testimony offered by the defendants.

*The judgment of the Superior Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.*